```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division

UNITED STATES OF AMERICA,       )
                                )
     v.                         )
                                ) Docket No. 08-mj-933
REYNALDO GUAJARDO III           )
                                )
```

## MEMORANDUM OPINION

### I. Introduction

BEFORE THE COURT is defendant's Motion to Suppress Evidence. Defendant is charged with driving while intoxicated, in violation of 18 U.S.C. § 13, assimilating Code of Virginia, § 18.2-266(i); driving under the influence of alcohol, in violation of 18 U.S.C. § 13, assimilating Code of Virginia, § 18.2-266(ii); and reckless driving, in violation of 18 U.S.C. § 13, assimilating Code of Virginia, § 46.2-852.  In his Motion, defendant moves to suppress all evidence obtained subsequent to the traffic stop on the grounds that the stop constituted an unlawful search and seizure in violation of the Fourth Amendment.

### II.  Discussion

Defendant challenges the 100% ID Check stop as a discretionary, random stop that failed to comply with the protections of the Fourth Amendment and further argues that the officers did not have probable cause to stop him. (Memo. in Supp. of Mot. to Suppress 4.  In support of his position, defendant asserts that Quantico Marine Corps Base ("Quantico") is not a

closed military base and, thus, probable cause is required in order for the search and seizure to be valid. (Id. at 6.)

In an unpublished opinion, the Fourth Circuit specifically found Quantico to be a closed military base. United States v. Tate, 129 F.3d 118, 1997 WL 693049, *1 (4th Cir. Oct. 29, 1997)("The question we must decide in this appeal is whether MCB Quantico is a closed military base. We find that it is.") In the decision, the Court noted several factors indicating that Quantico is a closed installation. For example, the base houses a helicopter squadron that provides support for the President of the United States, and also serves as headquarters for the Marine Corps' Systems Command. Id. Indeed, every Marine Corps officer, as well as many high-ranking foreign military officers, receive training at Quantico. Id. Additionally, signs posted at every gate state that the base is closed and warn that all persons and vehicles entering the base are subject to search.[1] Id. Thus, Quantico is a closed military base, even despite the fact that Fuller Road, upon which defendant was traveling when he was stopped, is open to public use for vehicular traffic. See United States v. Daniels, 471 F.Supp.2d 634, 638-39 (E.D. Va. 2007) (noting that signage located at Quantico gates indicates that entry onto the base is deemed consent to a search).

Fourth Circuit case law makes clear that searches conducted on closed military bases are valid regardless of whether officers

---

[1] No evidence was presented to suggest that any of these factors have changed since the Tate decision was rendered.

conducting the search have probable cause or particularized suspicion that a defendant has committed a crime. United States v. Jenkins, 986 F.2d 76, 78 (4th Cir. 1993)("[S]earches on closed military bases have long been exempt from the usual Fourth Amendment requirement of probable cause."). Indeed, police on a closed military base face security concerns not present in ordinary citizen locations. Id. Accordingly, in the instant case, the officers who stopped defendant were under no obligation to have probable cause or a particularized suspicion before executing the stop. Nor were they required to comply with standards governing checkpoint stops under Virginia law. Because the stop was not unconstitutional, the evidence obtained as a result is not invalid and, thus, defendant's Motion to Suppress must be denied.

### III. Conclusion

For the reasons stated above, defendant's Motion to Suppress Evidence is denied. An Order shall issue forthwith.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 17, 2009
Alexandria, Virginia